IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

United States of America,

    Plaintiff,

v.                                                                          Crim. No. 23-cr-0070 MIS

Shane Edward Watkins,

    Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Defendant Shane Edward Watkins's Motion to Withdraw Motion to Reassign Trial Judge, ECF No. 64. Upon consideration of the briefing, testimony, and arguments, the Court will grant the motion, and, based on her own analysis of the law and facts, will decline to recuse herself.

Under 28 U.S.C. § 455(b), a judge must disqualify herself on the basis of several enumerated grounds, including cases where she has a personal bias about a party, personal knowledge of disputed evidence, a conflict stemming from prior employment, or a financial interest in the subject matter in controversy. Additionally, a judge must recuse herself where someone with a close relationship to the judge is involved in the proceeding. *Id.* There is also a catch-all clause of the recusal statute, stating that a judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Here, Defendant initially requested recusal of the undersigned under the catch-all section of the statute, on the basis of 1) an alleged *ex parte* communication between the chambers of the undersigned and the U.S. Attorney's Office, involving vocal identification evidence, and 2) the alleged independent investigation of facts relevant to

the instant case. ECF No. 54 at 8–12. Defendant how requests to withdraw her Motion to Reassign Trial Judge, ECF No. 54, but the Court has nonetheless considered whether there exist any grounds for recusal.

The Court did not rely on any evidence received outside of open court when deciding Defendant's Motion to Revoke Detention Order Pursuant to 19 USC § 3145 Entered by the Magistrate Judge, ECF No. 16. Additionally, the Court has since allowed Defendant to submit additional briefing regarding the vocal identification evidence at bar, though Defendant declined to do so. *See* ECF No. 56. The Court has also provided all communication to Defendant's counsel.

The Court therefore finds that any alleged prejudice caused by the alleged *ex parte* communication has since been cured, and there is no cause for recusal. The Court will therefore **GRANT** Defendant's Motion to Withdraw Motion to Reassign Trial Judge, ECF No. 64. The Court will **DECLINE** to recuse herself from the case.

**IT IS SO ORDERED.**

*[signature: Margaret Strickland]*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE